UNITED STAT.., DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MR. GERALD GREAVES * CA 05 064S

VS. CASE # *

ASHABEL T. WALL,(R.I.D.O.C. DIRECTOR), *
JANE AND JOHN DOES UNDER I-99

CIVIL RIGHTS COMPLAINT

THIS IS A CIVIL ACTION FILED PURSUANT TO ENACTMENT OF CH. 504 OF THE REHABILITATION ACT IN 1973 (1) , AND THE AMERICAN WITH DISABILITIES ACT (ADA) IN 1990. (2) THE REHABILITATION ACT APPLIES TO FEDERAL EXECUTIVE AGENICIES, INCLUDING THE BUREAU OF PRISONS, AND TO ANY PROGRAM THAT RECIEVES FEDERAL FUNDING. (3) IN MOST JURISDICTIONS, THE A.D.A GOES BEYOND THE REHABILITATION ACT TO AFFECT ALL STATES AND LOCAL GOVERNMENT PROGRAMS, EVEN THOSE THAT DO NOT RECIEVE FEDERAL FUNDING .(4) ( SEE STATE AND FEDERAL PRISONERS, BELOW FOR EXCEPTIONS TO THIS GUIDELINE).

COURTS ANALYZE THE A.D.A. AND REHABILITATION ACT IN BASICALLY THE SAME WAY AND MUST INTERPERATE THE A.D.A. TO GIVE DISABLED PEOPLE ATLEAST AS MANY RIGHTS AS THE EARLIER REHABILITATION ACT.(5)THUS DISABLED PRISONERS MAY USE CASES ABOUT THE REHABILITATION ACT TO BRING LAWSUITS AGAINST OFFICIALS UNDER THE A.D.A. .

---

(1) 29 U.S.C. 794 (A).

(2) 42 U.S.C. 12101 ET. SEQ .

(3) SUPRA, NOTE 1 .

(4) 42 U.S.C. 12131 .

(5) BRAGDON VS. ABBOT , 524 U.S. 624, 632, 118 S.CT. 2196, 2202 (1998)

## JURISDICTION

THIS IS A CIVIL RIGHTS ACTION PURSUANT TO CH. 504 OF THE REHABILITATION ACT IN 1973, AND THE AMERICANS WITH DISABILITIES ACT (A.D.A.) IN 1990. THIS COURT HAS JURISDICTION UNDER 28 U.S.C.A. 1331 AND 1343 (3). THE PETITIONER ALSO INVOKES THE PENDENT JURISDICTION OF THIS COURT TO DECIDE AND HEAR MATTERS RELATING TO STATE LAW, (A) AS WELL AS CLAIMS RELATING TO POLICIES AND PRACTICES OF THE R.I.D.O.C. .

## PARTIES

(1) PETITIONER IS AN INCARCERATED INMATE AT THE ADULT CORRECTIONAL INSTITUTION, MAXIMUM SECURITY FACILITY, P.O. BOX 8273 , CRANSTON RHODE ISLAND 02920

(2) DEFENDANT ASHABEL T. WALL, IS THE DIRECTOR OF THE R.I. DEPT. OF CORRECTIONS AND PETITIONER IS PLACED WITHIN HIS CUSTODY AND CONTROL, AND HE IS BEING SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

(3) DEFENDANTS JANE AND JOHN DOE, UNDER I-99 , ARE ANY AND ALL DEFENDANTS WHO AT THIS TIME ARE UNNAMED, PETITIONER RESERVES THE RIGHT TO NAME THESE DEFENDANTS AT A LATTER TIME AND DATE, THESE DEFENDANTS WILL ALSO BE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

---

(A) RHODE ISLAND CIVIL RIGTS ACT (R.I.C.R.A.) R.I.G.L. 1956, TITLE , AND CHAPTER 42-112-1 ET. SEQ. ( FALIURE TO ACCOMINDATE )

## FACTS

1) PETITIONER DID LET DEFENDANT KNOW THAT HE SUFFERS FROM AN ANXIETY DISORDER CALLED " PARURESIS " , WHICH IS A BONAFIED SOCIAL ANXIETY DISORDER LISTED IN THE DIAGNOSTIC STATISTICAL MANUAL OF MENTAL DISORDERS (D.S.M.) IV , CODE 300.23, AND THAT UNDER (A.D.A.) REASONABLE ACCOMINDATIONS IN TERMS OF DRUG TESTING SHOULD BE MADE.

2) PETITIONER DID LET DEFENDANT KNOW THAT HE SUFFERS FROM A DOCUMENTED MEDICAL CONDITION CALLED " BENIGH PROSTATIC HYPERPLASIA " (B.P.N.) WHICH IS ENLARGEMENT OF THE PROSTATE.

3) PETITIONER DID LET DEFENDANT KNOW THAT BOTH CONDITIONS CAUSE URINE RETENTION.

4) PETITIONER HAS BEEN AN INMATE AT THE ADULT CORRECTIONAL INSTITUTION, MAXIMUM SECURITY FROM MARCH 2001 UNTIL THE PRESENT.

5) AS AN INMATE, PETITIONER IS SUBJECTED TO PRISON REGULATIONS, INCLUDING R.I.D.O.C. POLICY 9.36-2 THAT REQUIRES RANDOM DRUG TESTING.

6) THE DRUG TESTS REFERRED TO IN PARAGRAPH #5, ARE ADMINISTERED BY OBTAINING URINE SAMPLES FROM INMATES.

7) PETITIONER HAS A PHYSICAL IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ATLEAST ONE MAJOR LIFE ACTIVITY, THAT BEING A PHYSICAL IMPAIRMENT OF AN ENLARGED PROSTATE, AND A MENTAL IMPAIRMENT THAT LIMITS ATLEAST ONE MAJOR LIFE ACTIVITY, THAT BEING PARURESIS.

8) ON A CONTINUING BASIS FROM MARCH 1ST, 2001, TO THE PRESENT, PETITIONER HAS BEEN UNABLE TO PRODUCE A URINE SAMPLE BECAUSE OF HIS DISABILITIES.

9) TO NO AVAIL, PETITIONER HAS MADE CONTINOUS, MULTIPLE AND REPEATED REQUESTS FOR REASONABLE ACCOMINDATIONS.

10) BECAUSE HE IS UNABLE TO PRODUCE A URINE SAMPLE, PETITIONER HAS BEEN DISCIPLINED, INCLUDING BUT NOT LIMITED TO BEING PLACED IN ADMINISTRATIVE SEGREGATION, LOSS GOOD TIME, AND LOSS VISITING PRIVLIGES.

11) THE DURATION OF THE LOSS OF VISITS IS ATLEAST 90 DAYS IN THE AGGREGATE, AND THE DURATION OF THE ADMINISTRATIVE SEGRAGATION IS ATLEAST 30 DAYS IN THE AGGREGATE.

12) DURING THE TESTING PROCESS, PETITIONER HAS BEEN HARRASSED BASED UPON HIS DISABILITIES.

13) UPON INFORMATION AND BELIEF, OTHER SIMILARLY SITUATED NON-DISABLED INMATES HAVE BEEN AFFORDED EXCEPTIONS TO THE DRUG TESTING POLICY.

14) THE DRUG TESTING POLICY DOES NOT PERMIT HARRASSMENT AND DISCRIMINATION BASED UPON DISABILITY.

15) PETITIONER HAS AN ACTUAL DISABILITY WHICH SUBSTANTIALLY LIMITS ONE OR MORE LIFE ACTIVITIES.

16) PETITIONER HAS A RECORD OF AN IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES.

17) DEFENDANT PERCEIVED PETITIONER AS HAVING AN IMPAIRMENT WHICH SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES.

## DEFINITION OF A DISABILITY

* THE A.D.A. DEFINES A DISABILITY AS:

(A) A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF THE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL.

(B) A RECORD OF SUCH IMPAIRMENT; OR

(C) BEING REGARDED AS HAVING SUCH AN IMPAIRMENT. (6)

A " PHYSICAL OR MENTAL IMPAIRMENT ", " MAJOR LIFE ACTIVITIES " MAY INCLUDE MANY PRIVATE OR PUBLIC ACTIVITIES. (7)

" SUSTANTIALLY LIMITED " MEANS THAT THE PERSON'S PARTISIPATION IN THE ACTIVITY IS SIGNIFICANTLY RESTRICTED. (8)

---

(6) 42 U.S.C. CH. 12102 (2)
(7) SEE, E.G. , BRAGDON , SUPRA NOTE 5, AT 639, 2005 (FINDING NO BASIS FOR
(8) ALBERTSON'S, INC. V. KIRKINBURG, 527 u.s. 471,482, 119S.CT. 2139, 2146 (1999). SEE ALSO: MURPHY V. U.P.S., 527 U.S. 516, 119S.CT. 2133 (1999).

COUNT 1

ENACTMENT OF CH. 504 , OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794 (a) , THE AMERICAN DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , AND THE RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A) , R.I.G.L. 1956, CH. 42-112-1 ET. SEQ.

( FAILURE TO ACCOMMINDATE )

18) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

19) BY THE AFORESAID ACTIONS , DEFENDANT INTENTIONALLY VIOLATED CH. 504 OF THE REHABILITATION ACT 1973, A.D.A 1990, AND R.I.C.R.A. BY FAILING TO ACCOMINDATE PETITIONER.

20) PETITIONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

COUNT 2

ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794 (a) , THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. 12101 , RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A.) , R.I.G.L. 1956, CH. 42-112-1 ET. SEQ.

( DISPARATE TREATMENT )

21) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH WITHIN.

22) BY THE AFORESAID ACTIONS DEFENDANT INTENTIONALLY VIOLATED THE ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 749 (a) , THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , THE RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A.) R.I.G.L. , 1956 CH. 42-112-1 ET. SEQ.

23) PETITIONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

## COUNT 3

ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794(a), THE AMERICANS WITH DISABILITIES ACT (A.D.A.) 1990, 42 U.S.C. CH. 12101 , AND RHODE ISLAND CIVIL RIGHTS OF PEOPLE WITH DISABILITIES ACT (R.I.C.R.D.A.) R.I.G.L. 1956, CH. 42-87-1 ET SEQ.

( DISPARATE TREATMENT )

24) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

25) BY THE AFORESAID ACTIONS, DEFENDANT INTENTIONALLY VIOLATED ENACTMENT OF CH. 504 OF THE REHABILITATION ACT 1973, 29 U.S.C. CH. 794(a), THE AMERICANS WITH DISABILITIES ACT (A.D.A. 1990, 42 U.S.C. CH. 12101, BY DISCRIMINATING AGAINST PETITIONER BASED UPON HIS DISABILITY. THE DRUG TESTING POLICY OF THE R.I. DEPT. OF CORRECTIONS POLICY # 9.36-2 FOR URINALYSIS IS ALSO A VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS OF PEOPLE WITH DISABILITIES ACT (R.I.C.R.D.A.) ON IT'S FACE.

26) PETITONER IS DAMAGED AS A PROXIMATE RESULT OF THIS INTENTIONAL CONDUCT.

## COUNT 4

( INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS )

27) PETITIONER INCORPERATES BY REFRENCE PARAGRAPHS 1-17 AS IF FULLY SET FORTH HEREIN.

28) BY THE AFORESAID ACTIONS, DEFENDANT ENGAGED IN THIS EXTREAM AND OUTRAGEOUS CONDUCT.

29) THE DEFENDANT ENGAGED IN THIS CONDUCT WITH THE INTENT TO CAUSE PETITIONER TO SUFFER EMOTIONAL DISTRESS.

30) THE DEFENDANT'S CONDUCT CAUSED PETITONER SEVERE EMOTIONAL DISTRESS.

31) AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANT'S ACTIONS, PETITIONER HAS SUFFERED PHYSICAL AND EMOTIONAL DAMAGES.

RELIEF SOUGHT

1) DECLARE THAT THE DISCRIMINATION COMPLAINED OF IN THIS COMPLAINT IS UNLAWFUL;

2) RETAIN JURISDICTION OF THIS ACTION TO ENSURE FULL COMPLIANCE;

3) ORDER THE DEFENDANT TO PAY PETITONER'S COSTS AND EXPENSES;

4) ORDER THE DEFENDANT TO AFFORD PETITIONER A REASONABLE ACCOMINDATION, BY PROVIDING PETITIONER WITH A DRY CELL. * NOTE: ( PLEASE SEE WHEELOCK V. R.I. , 2002 WL 982381 ( D. R.I. 2002) WHERE AN INMATE WITHIN MAXIMUM SECURITY, A.C.I. WITH A SIMILAR DISABILITY WAS DEFINATELY PROVIDED WITH A DRY CELL. A COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT "A".

5) ORDER THE DEFENDANT TO AMEND DEPARTMENT OF CORRECTION POLICY 9.36-2 FOR URINALYSIS TO INCLUDE: ACCOMINDATIONS THAT WILL NOT IMPOSE " UNDUE FINANCIAL AND ADMINISTRATIVE BURDENS " BUT WILL PROVIDE " A FUDAMENTAL ALTERATION IN THE NATURE OF THE POLICY , THAT WILL COMPLY WITH ENACTMENT CH. 504 OF THE REHABILITATION ACT IN 1973 (1) , AND THE AMERICANS WITH DISABILITIES ACT (A.D.A.)IN 1990 (2), AND THE RHODE ISLAND CIVIL RIGHTS ACT (4) , THAT WILL RECONIZE " PARURESIS " AS AN ANXIETY DISORDER AND BE GIVEN REAOSNABLE ACCOMMINDATIONS IN TERMS OF DRUG TESTING UNDER (A.D.A.):

6) ENJOIN THE DEFENDANT FROM FURTHER DISIPLINING THE PETITIONER BECAUSE OF HIS DISABILITY;

7) GRANT INJUNTIVE RELIEF;

8) GRANT PETITIONER RESTORATION OF HIS VISITING PRIVLEGES;

9) GRANT PETITIONER SUCH OTHER RELIEF AS THIS HONORABLE COURT DEEMS JUST AND PROPER.

PETITIONER'S DAMAGES ARE IN AN AMOUNT SUFFICIENT TO INVOKE THE JURISDICTION OF THIS COURT. PETITIONER DEMAND A TRIAL BY JURY.

" STATE AND FEDERAL PRISONERS "

IN 1998, THE SUPREME COURT RULED IN PENNSYLVANIA DEPARTMENT OF CORRECTIONS VS. YESKEY THAT CONGRESS INTENDED FOR TITLE II OF THE (A.D.A.) TO PROTECT STATE PRISONERS. (9).

(9) PENNSYLVANIA DEPARTMENT OF CORRECTIONS VS. YESKEY, 524 U.S. 206 , 118 S.CT. 1952 (1998)

RESPECTFULLY SUBMITTED,

# AFFIDAVIT

I, GERALD C. GREAVES HEREBY STATE THE FOLLOWING FACTS CONTAINED WITHIN THIS AFFIDAVIT ARE TRUE AND ACCURATE:

1) THAT I SUFFER FROM A DOCUMENTED MEDICAL CONDITION CALLED " BENIGH PROSTATIC HYPERPLASIA " (B.P.N.) WHICH IS AN ENLARGED PROSTATE.

2) THAT I SUFFER FROM AN ANXIETY DISORDER CALLED " PARURESIS ", WHICH IS A BONAFIED SOCIAL ANXIETY DISORDER LISTED IN THE DIAGNOSTIC STAT-TISTICAL MANUAL OF MENTAL HEALTH DISORDERS (D.S.M. IV , CODE 300.23).

3) THAT BOTH CONDITIONS CAUSE URINE RETENTION, AND LIMIT MY ABILITY TO PRODUCE A URINALYSIS SAMPLE.

4) THAT I HAVE NEVER GIVEN A POSITIVE URINALYSIS SAMPLE FOR ANY TYPE OF NARCHOTIC, I HAVE ONLY BEEN DISIPLINED FOR NOT PRODUCING A URINE SAMPLE WITHIN THE ALLOTED TIME PERIOD (4HRS.).

5) THAT I'AM NOT A DRUG USER, AND IF GIVEN MY MEDICINE FOR MY ENLARGED PROSTATE ON A REGULAR BASIS, AND IF I'AM STRIPED SEARCHED, AND PLACED WITHIN A DRY CELL "ALONE" THAT I CAN AND WILL PRODUCE A URINE SAMPLE.

RESPECTFULLY SUBMITTED,

Gerald Greaves

## NOTARY PUBLIC

SUBSCRIBED AND SWORN TO ME ON THIS 10 DAY OF JANUARY 2005 WITHIN THE ADULT CORRECTIONAL INSTIUTION , MAXIMUM SECURITY, LOCATED IN CRANSTON, R.I. 02920.

NOTARY PUBLIC: ____________

COMM EXP: COMMISSION EXPIRES 9-22-

DATE: 1/10/05