UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD GREAVES :
:
VS. : C.A. NO. 05-064S
:
ASHBEL T. WALL, in his capacity :
as Director of the Rhode Island Department :
of Corrections; Jane and John Does :
under I-99 :

**ANSWER**

Now comes the Defendant, Ashbel T. Wall, in his capacity as Director of the Rhode Island Department of Corrections ("Defendant"), and for his Answer to the Complaint filed by Plaintiff, Gerald Greaves ("Plaintiff"), states as follows:

Responding to Page One of Plaintiff's Complaint:

The allegations contained in the first unnumbered Paragraph of this section are a characterization of the action and/or contain legal conclusions to which no response is required; if response is deemed required, Defendant denies the allegations contained in this Paragraph and leaves Plaintiff to his proof.

The allegations contained in the second unnumbered Paragraph of this section are a characterization of the action and/or contain legal conclusions to which no response is required; if response is deemed required, Defendant denies the allegations contained in this Paragraph and leaves Plaintiff to his proof.

Responding to "Jurisdiction" Section of Plaintiff's Complaint:

The allegations contained in the first unnumbered Paragraph of this section are a characterization of the action and/or contain a statement of jurisdiction to which no

2

response is required; if response is deemed required, Defendant denies the allegations contained in this Paragraph and leaves Plaintiff to his proof.

Responding to "Parties" Section of Plaintiff's Complaint:

1. Admitted.

2. Defendant admits only that Ashbel T. Wall is the Director of the Rhode Island Department of Corrections and that Plaintiff is an inmate in the custody and control of the Department of Corrections; as to the remainder of the allegations contained in this Paragraph, they are a characterization of the action and/or contain legal conclusions to which no response is required; if response is deemed required, Defendant denies the allegations and leaves Plaintiff to his proof.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

Responding to "Facts" Section of Plaintiff's Complaint:

1. Denied.

2. Denied.

3. Denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The drug testing policy speaks for itself; to the extent the allegations contained in Paragraph 14 assert legal conclusions, no response is required. If response is deemed required, Defendant admits that, pursuant to DOC policy no. 9.36-2, "All adult offenders…under the jurisdiction of the RIDOC are subject to drug testing" and "substance abuse testing is non-discriminatory" and Defendant denies any and all other allegations.

15. Denied.

16. Denied.

17. Denied.

Responding to "Definition of a Disability" Section of Plaintiff's Complaint:

The allegations contained in this section of the Complaint contain legal conclusions to which no response is required; if response is deemed required, Defendant denies the allegations contained in this Paragraph as they apply to Plaintiff and leaves Plaintiff to his proof.

As To "Count 1" Titled "Failure to Accomindate" (sic):

18. Defendant's responses to Paragraphs 1 through 17 of the Plaintiff's Complaint are incorporated by reference as if fully stated herein.

19. Denied.

20. Denied.

As To "Count 2" Titled "Disparate Treatment":

21. Defendant's responses to Paragraphs 1 through 17 of the Plaintiff's Complaint are incorporated by reference as if fully stated herein.

22. Denied.

23. Denied.

As To "Count 3" Titled "Disparate Treatment":

24. Defendant's responses to Paragraphs 1 through 17 of the Plaintiff's Complaint are incorporated by reference as if fully stated herein.

25. Denied.

26. Denied.

As To "Count 4" Titled "Intentional Infliction of Emotional Distress":

27. Defendant's responses to Paragraphs 1 through 17 of the Plaintiff's Complaint are incorporated by reference as if fully stated herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

Responding to Affidavit Appended to Plaintiff's Complaint ("the Affidavit"):

1) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (1) of the Affidavit; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

2) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (2) of the Affidavit; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

3) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (3) of the Affidavit; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

4) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph (4) of the Affidavit (which ends with a comma); on that basis, Defendant denies said allegations and leaves Plaintiff to his proof; Defendant denies the allegations contained in the second sentence of Paragraph (4) of the Affidavit, for there has been occasion for Plaintiff to be disciplined for other infraction(s).

5) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (5) of the Affidavit; on that basis, Defendant denies the allegations and leaves Plaintiff to his proof.

**WHEREFORE**, Defendant, Ashbel T. Wall, in his capacity as Director of the Rhode Island Department of Corrections, respectfully requests that this Honorable Court deny and dismiss Plaintiff's Complaint, with prejudice; award costs and fees to Defendant; and such other and further relief as Justice may require.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against the State upon which relief may be granted, in that it fails to articulate a legally sufficient factual basis for a finding of

liability against the Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The State has the benefit of its status as sovereign, together with all the rights, privileges, and immunities that inure to said status.

**THIRD AFFIRMATIVE DEFENSE**

The acts or omissions of Plaintiff were the proximate cause of the alleged injuries, or in the alternative, substantially contributed to the cause of the same.

**FOURTH AFFIRMATIVE DEFENSE**

At all times material to the matters alleged in the Complaint, the State and its official and employees were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff in this action if, in fact, any such duties were owed.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts immunity pursuant to the Eleventh Amendment to the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim pursuant to the Americans with Disabilities Act in that it fails to articulate a legally sufficient factual basis for a finding of liability, and, in particular, Plaintiff fails to allege facts evidencing a request for a reasonable accommodation.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts any and all applicable defenses relating to assumption of the risk.

**NINTH AFFIRMATIVE DEFENSE**

Defendant asserts that the Plaintiff is not entitled to punitive damages, costs or attorney's fees.

**TENTH AFFIRMATIVE DEFENSE**

The public duty doctrine serves as a bar, in whole or in part, to Plaintiff's Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant asserts that Plaintiff is comparatively and/or contributorily negligent.

**TWELTH AFFIRMATIVE DEFENSE**

Defendant asserts that he is entitled to discretionary and/or qualified immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Americans with Disabilities Act did not validly abrogate States' immunity as to claims for monetary damages based on alleged Title II violations in state prisons.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Individuals are not subject to personal liability under the Americans with Disabilities Discrimination Act for violations of Title II's provision prohibiting discrimination by a "public entity" in the administration of services, programs or activities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Title II of the Americans with Disabilities Act is not appropriate legislation under § 5 of the Fourteenth Amendment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not a "qualified individual" under the Americans with Disabilities Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has no constitutionally protected right to be free from segregation that is less than 30 days, for the United States Supreme Court has held it is not a dramatic departure from prison life.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that the State is not otherwise immune from liability, which is expressly denied, the monetary limitation on damages set forth in Rhode Island General Laws 1956 (1985 Reenactment) § 9-31-1, et seq., applies to some or all of plaintiff's claims.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant asserts the applicable limitations periods to the extent they bar some or all of Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deny and dismiss Plaintiff's Complaint, with prejudice; award costs and fees to Defendant; and

such other and further relief as Justice may require.

**TRIAL BY JURY**

Defendant hereby demands a trial by jury on all counts so triable.

Defendant,
ASHBEL T. WALL, in his capacity as Director of the Rhode Island Department of Corrections
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

ANNE T. TURILLI (Bar No. 5502)
Special Assistant Attorney General
150 South Main street
Providence, RI 02903
(401) 274-4400, Extension 2355
(401) 222-3016 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within was mailed, postage prepaid, on this 27th day of April, 2005 to the following listed below:

Gerald Greaves
Inmate #125593
Maximum Security Facility
P.O. Box 8273
Cranston, RI 02920