UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

GERALD GREAVES *

* CASE # 05-64S

VS.

*

ASHABEL T. WALL

PETITIONER'S WRITTEN STATEMENT ENUMERATING THE ELEMENTS THAT MUST BE PROVEN TO SUSTAIN HIS CLAIMS , TOGETHER WITH CITATIONS IN SUPPORT

NOW COMES PETITIONER, PURSUANT TO THIS HONORABLE COURTS ORDER TO FILE WITH THE COURT AND OPPOSING COUNSEL SAID WRITTEN STATEMENT.
*** PLEASE NOTE THAT SAID NOTICE/ORDER , WHICH IS DATED MAY 12, 2005 WAS NOT GIVEN TO PETITIONER UNTIL MAY 17, 2005, MAKING IT TOTALLY IMPOSSIBLE FOR PETITIONER TO COMPLEAT SAID WRITTEN STATEMENT, AND DELIVER IT TO THE COURT AND OPPOSING COUNSEL 1 WEEK PRIOR TO THE MAY 23, 2005 TELEPHONIC PRE-TRIAL CONFERENCE, AS REQUESTED PER NOTICE.**

WRITTEN STATEMENT

PETITIONER ENUMERATES THE FOLLOWING ELEMENTS THAT MUST BE PROVED IN ORDER TO SUBSTANIATE HIS CLAIM IN COUNT 1: **( FAILURE TO ACCOMINDATE )**

**1) PETITIONER WILL SHOW THAT HE IS A QUALIFIED INDIVIDUAL UNDER THE AMERICAN WITH DISABILITIES ACT FOR THE FOLLOWING REASONS.**

**(A) HE HAS A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF THE MAJOR LIFE ACTIVITIES OF SUCH INDIVDUAL.**

**(B) HE HAS A RECORD OF SUCH IMPAIRMENT, OR:**

5

**(C) HE HAS BEEN REGARDED AS HAVING SUCH AN IMPAIRMENT.**

**2) PETITIONER WILL SHOW THAT POLICY # 9.36-2 IS IN VIOLATION OF CH. 504, OF THE REHABILITATION ACT, 1973, 29 U.S.C. CH. 794(A) , THE AMERICAN WITH DISABILITIES ACT, (A.D.A.) 1990, 42 U.S.C., CH. 12101, AND THE RHODE ISLAND CIVIL RIGHTS ACT, (R.I.C.R.A.), R.I.G.L. 1956, CH. 42-112-1 ET. SEQ, AS THIS POLICY FAILS TO ACCOMINDATE PERSONS WITH " PARURESIS " WHICH IS A BONIFIED SOCIAL ANXIETY DISORDER, LISTED IN THE DIAGNOSTIC STATISTICAL MANUAL OF MENTAL DISORDERS; ( D.S.M. IV CODE 300.23 )**

PETITIONER ENUMERATES THE FOLLOWING ELEMENTS THAT MUST BE PROVED IN ORDER TO SUBSTANIATE HIS CLAIM IN COUNT 2: **( DISPARATE TREATMENT )**

**1) PETITIONER WILL SHOW THAT DEFENDANT WALL CREATED POLICY # 9.36-2 WHICH IS DISCRIMATORY IN NATURE AS IT OFFERS NO ACCOMINDATIONS , FOR DISABLED PERSONS SUFFERING WITH THE DISABILITY "PARURESIS" , AND INTURN PROVIDES DISPARATE TREATMENT TO PERSONS SUFFERING WITH THIS DISABILITY, THAN OTHER INMATES WHO DO NOT SUFFER FROM A DISABILITY AND ARE SIMILARLY SITUATED IN THE GENERAL POPULATION OF THE A.C.I.**

**(A) PETITIONER WILL SHOW THAT HE WAS DAMAGED AS A RESULT OF DEFENDANTS CREATION OF SAID POLICY.**

**(B) PETRITIONER WILL SHOW THAT POLICY # 9.36-2 IS IN VIOLATION OF CH. 504, OF THE REHABILITATION ACT, 1973, 29 U.S.C. , CH. 794(A), THE AMERICAN WITH DISABILITIES ACT, (A.D.A. 1990 ) , 42 U.S.C. , CH. 12101, AND THE RHODE ISLAND CIVIL RIGHTS ACT (R.I.C.R.A.), R.I.G.L. 1956, 42-112-1 ET.SEQ, AS THIS POLICY PROVIDE DISPARATE TREATMENT TO PERSON SUFFERING WITH THIS DISABILITY, THAN OTHERS THAT DO NOT SUFFER WITH THIS DISABILITY, AND ARE SIMILARLY SITUATED IN THE GENERAL POPULATION OF THE A.C.I. , BY NOT ACCOMINDATING DISABLED PERSONS WITH ACCOMIDATIONS ( A DRY ROOM ) SO THAT THEY CAN COMPLY WITH URINALYSIS TESTING.**

PETITIONER ENUMERATES THE FOLLOWING ELEMENTS THAT MUST BE PROVED IN ORDER TO SUBSTANTIATE HIS CLAIM IN COUNT 3: **( DISPARATE TREATMENT DISCRIMATION)**

**1) PETITIONER WILL SHOW THAT DEFENDNAT WALL CREATED POLICY # 9.36-2 WHICH IS DISCRIMATORY IN NATURE, ON IT'S FACE, AS IT DOES NOT PROVIDE ACCOMINDATIONS FOR DISABLED PERSON THAT SUFFER WITH DISABILITIES THAT**

SUBSTANTIALLY LIMIT THEIR ABILITY TO COMPLY WITH SAID POLICY, DO TO EITHER A MENTAL DISORDER AND OR A MEDICAL CONDITION SUCH AS " BENIGH PROSTATIC HYPERPLASIA" (B.P.N.) WHICH IS AN ENLARGED PROSTATE, BOTH OF WHICH CUSE URINE RETENTION.

(A) PETITIONER WILL SHOW THAT DEFENDANT WALL WAS AWARE OF THE FACT THAT SOME INMATES DO INFACT SUFFER FROM THESE MENTAL DISORDERS, AND MEDICAL CONDITIONS, HOWEVER HE DISPITE KNOWING OF THIS, HE CONTINUES TO DISCRIMINATE AGAINST PETITIONER AND OTHER INMATES WITH DISABILITIES AND MEDICAL CONDITIONS, AS EVIDENCED BY THE FACT THAT HE REFUSES TO MODIFY POLICY # 9.36-2, TO PROVIDE ACCOMINDATIONS FOR SAID DISABILITIES AND MEDICAL CONDITIONS.

(B) PETITIONER WILL SHOW THAT DEFENDANT BY PROVIDING THESE DISABLED INMATES WITH ACCOMINDATIONS FOR THEIR DISABILITIES, IT WILL NOT IMPOSE " UNDUE FINANCIAL AND ADMINISTRATIVE BURDENS " , BUT WILL PROVIDE A FUNDEMENTAL ALTERATION IN THE NATURE OF THIS POLICY, THAT WILL COMPLY WITH THE AMERICANS WITH DISABILITIES ACT, IN 1990 , 42 U.S.C. CH. 12101 , THE R.I. CIVIL RIGHTS ACT , R.I.G.L. 42-112-1 ET.SEQ AND THE REHABILITATION ACT , 1973, 29 U.S.C. , CH. 794(A)

* PETITIONER WILL SHOW THAT HE WAS DAMAGED AS A RESULT OF DEFENDANTS CREATION OF SAID POLICY.

PETITIONER ENUMERATES THE FOLLOWING ELEMENTS THAT MUST BE PROVED IN ORDER TO SUBSTANTIATE HIS CLAIM IN COUNT 4: **( INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS )**

1) PETITIONER WILL SHOW THAT DEFENDNATS CONDUCT CAUSED PETITIONER SEVERE EMOTIONAL DISTRESS, AND AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS ACTIONS AND OR INACTIONS , PETITIONER HAS SUFFERED PHYSICAL AND EMOTIONAL DAMAGES.

## ADDITIONAL CITES

1) ARMSTRONG V. WILSON , 124 F3D 1019, (9TH CIR) : A.D.D. AND REHABILTATION ACT APPLIED TO INMATES AND PAROLEES IN STATE CORRECTIONAL SYSTEM.

2) PENNSYLVANIA DEPT. OF CORRECTIONS V. YESKEY, 524 U.S. 206, 141 LED2d 215, 118 S.CT. 1952 (1998) : A.D.A. APPLIES TO PRISONERS.

* NOTE: PETITIONER ASHABEL T. WALL ENACTED A POLICY THAT DISCRIMINATES AGAINST PETITIONER, WHO HAS A DOCUMENTED DISABILITY, AND DISPITE THE FACT THAT HE KNEW THAT:

(A) THE AMERICAN WITH DISABILITIES ACT PROHIBITS DISCRIMINATION AGAINST INMATES WITH DISABILITIES.

( B) THE R.I. CIVIL RIGHTS ACT PROHIBITS DISCRIMINATION AGAINST INMATES WITH DISABILITIES.

(C) THE REHABILITATION ACT OF 1973 PROHIBITS DISCRIMINATION AGAINST INMATES WITH DISABILITIES.

(D) HE KNEW THAT " PARURESIS " (A.K.A. SHY BLADDER) IS A BONIFIED DISABILITY, DUE TO THE FACT THAT HE WAS A DEFENDANT IN PRIOR CIVIL ACTIONS REGARDING THIS ISSUE.

HE DID NOTHING TO MODIFY THIS POLICY TO ACCOMINDATE INMATES THAT SUFFER FROM THIS DISABILITY AND AS A RESULT , MR. WALL ENJOYS " NO IMMUNITIES " OF ANY KIND , AS HIS ACTIONS AND OR INACTIONS ARE DELIBERATE IN NATURE , AS EVIDENCED BY THE FACT THAT DISPITE KNOWING ABOUT THIS TYPE OF DISABILITY, AND HIS OBLIGATIONS UNDER A.D.A. , HE REFUSES TO MODIFY HIS POLICY TO ACCOMINDATE INMATES THAT SUFFER FROM THIS DISABILITY,AND CONTINUES TO ALLOW INMATES WHO SUFFER FROM THIS DISABILITY TO BE DISCRIMINATED AGAINST, DISCIPLINED, AND SEGRAGATED.

## SETTLEMENT PROPOSAL

1) PETITIONER WILL DROP HIS COMPLAINT FOR INJUNCTIVE RELIEF.

2) PETITIONER WILL DROP HIS COMPLAINT FOR COSTS AND EXPENSES.

IN EXCHANGE FOR THE DEFENDANT TO AGREE TO MODIFY HIS URINALYSIS POLICY # 9.36-2 , TO COMPLY WITH ENACTMENT OF CH. 504 OF THE REHABILITATION ACT IN 1973, THE AMERICAN WITH DISABILITIES ACT IN 1990, AND THE RHODE ISLAND CIVIL RIGHTS ACT, TO RECONIZE " PARURESIS " (A.K.A. SHY BLADDER) WHICH IS A BONIFIED ANXIETY DISORDER LISTED IN THE DIAGNOSTIC STATISTICAL MANUAL OF MENTAL DISORDERS ( D.S.M. IV , CODE: 300.23 ) , AS A DISABILITY AND INTURN PROVIDE ACCOMINDATIONS FOR PEOPLE WHO SUFFER FROM THIS DISABILITY TO WIT: ( USE OF A DRY ROOM WICH HAS NO TOILET FACILITIES , WHERE AN INMATE CAN BE STRIP SEARCHED , AND PLACED IN ALONE AND ALLOWED TO PRODUCE A URINALYSIS SAMPLE, WITHOUT BEING STARED AT AND PRESSURED BY OTHERS INTO PRODUCING A URINALYSIS SAMPLE).

RESPECTFULLY SUBMITTED,

05-19-05

Gerald Greaves

**CERTIFICATION**

I, GERALD GREAVES HEREBY SWEAR THAT I HAVE SENT THE DEFENDANTS ATTORNEY A COPY OF PETITIONER'S STATEMENT ENUMERATING THE ELEMENTS THAT MUST BE PROVEN TO SUSTAIN HIS CLAIMS, AT 150 SOUTH MAIN ST. PROV, R.I. 02903, AND ALSO SENT THE US. DISTRICT COURT FOR THE DISTRICT OF R.I.A COPY OF THE SAME ON THIS DAY OF MAY 2005.