UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD GREAVES | : | |
| | : | |
| VS. | : | C.A. NO. 05-064S |
| | : | |
| ASHBEL T. WALL, in his capacity as Director of the Rhode Island Department of Corrections; Jane and John Does under I-99 | : | |

**MOTION FOR CONTINUANCE/ ENLARGEMENT OF TIME**

Defendant, Ashbel T. Wall, in his official capacity as Director of the Rhode Island Department of Corrections, ("Defendant") hereby moves for a three-week extension/continuance of the dates set in the Pre-trial Order. In support hereof, Defendant relies on the accompanying memorandum.

Defendant,
ASHBEL T. WALL, in his capacity as Director of the Rhode Island Department of Corrections
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

ANNE T. TURILLI (Bar No. 5502)
Special Assistant Attorney General
150 South Main street
Providence, RI 02903
(401) 274-4400, Extension 2355
(401) 222-3016 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within was mailed, postage prepaid, on this 23rd day of June, 2005 to the following listed below:

Gerald Greaves
Inmate #125593
Maximum Security Facility
P.O. Box 8273
Cranston, RI 02920

Melissa DiFingo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD GREAVES | : | |
| | : | |
| VS. | : | C.A. NO. 05-064S |
| | : | |
| ASHBEL T. WALL, in his capacity as Director of the Rhode Island Department of Corrections; Jane and John Does under I-99 | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE/ENLARGEMENT OF TIME**

Defendant, Ashbel T. Wall, in his official capacity as Director of the Rhode Island Department of Corrections, ("Defendant") hereby submits this memorandum in support of his Motion for Continuance/Enlargement of Time. As demonstrated below, the Court should grant Defendant's motion for a three-week continuance of the dates set in the Pre-Trial Order, because (1) the parties have reached an agreement in principal and are dedicated to hammering out the final terms of such settlement; and (2) this case involves complex issues of Federal law that will require substantial time and research by the parties that, it is respectfully submitted, is better spent on the imminent settlement.

**I. This Case Involves Complex Issues Of Federal Law That Will Require Substantial Time And Research By The Parties.**

After Defendant filed its Answer and Affirmative Defenses, the Court held a Rule 16 telephonic conference on May 23, 2005, in which it ordered the parties to conduct all discovery and to draft and file dispositive briefs within four weeks; to wit, June 23, 2005. Defendant submits that, based on the following, this is not enough time. First, this is an ADA and Rehabilitation Act case involving the research of complex questions of federal law. Specifically, the parties will have to analyze and brief complicated issues under the ADA, Rehabilitation Act,

Prison Litigation Reform Act, and Eleventh Amendment to the U.S. Constitution, among other areas. See Defendant's Affirmative Defenses attached hereto as Exhibit A. Second, in order to defend against this case, Defendant also has to investigate the medical and psychological issues raised by plaintiff's complaint, in which he claims he has "paruresis" and "benign prostate hyperplasia" and that his alleged condition precludes him from providing a urine sample for the purpose of drug testing within the four-hour period permitted by the DOC. Third, the plaintiff, Mr. Greaves, likewise recently filed a motion seeking a 90-day continuance "to research and defend against properly" the issues raised in Defendant's Affirmative Defenses and to respond to any corresponding motion to dismiss. For these reasons, the parties' need an additional three-weeks to conduct discovery and research and draft dispositive motions.[1]

## II. The Parties Are Focused On Settlement, Which Should Be Accomplished In The Next Several Weeks.

More importantly, the parties have reached a settlement in principal of the entire action and are just in the process of hammering out the specific terms of such settlement with prison officials. Defendant hopes to work out such agreement in the next two weeks. Given that the Defendant is more properly and primarily focused on settlement in this case, the State is unable simultaneously to devote the substantial time needed to draft dispositive briefs and investigate the medical and psychological issues raised by plaintiff's complaint. Moreover, the imminent settlement of this matter would vitiate this substantial investment of resources by the State.

For the reasons stated herein, Defendant respectfully requests that this Court grant a three-week continuance of the dates set in the Pre-Trial Order, with the understanding that the parties are intent on the settlement and dismissal of the entire case, if possible, in the interim; specifically, in the next two to three weeks.

[1] Counsel for Defendant just received Plaintiff's motion, because plaintiff did not address the envelope specifically to the undersigned.

Respectfully Submitted,

Defendant,
ASHBEL T. WALL, in his capacity as Director of the Rhode Island Department of Corrections
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

ANNE T. TURILLI (Bar No. 5502)
Special Assistant Attorney General
150 South Main street
Providence, RI 02903
(401) 274-4400, Extension 2355
(401) 222-2995 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within was mailed, postage prepaid, on this 23rd day of June, 2005 to the following listed below:

Gerald Greaves
Inmate #125593
Maximum Security Facility
P.O. Box 8273
Cranston, RI 02920